UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN P. ROSS, | ) |
| Plaintiff | ) |
| | ) 2:17-cv-00338-NT |
| v. | ) |
| | ) |
| YORK COUNTY JAIL, | ) |
| Defendant | ) |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff John Ross, an inmate in the custody of the Maine Department of Corrections, alleges that an officer of the York County Jail did not permit Plaintiff to mail his personal property to an out-of-state recipient before he was transferred to the Maine State Prison, and informed Plaintiff that his property would be destroyed if someone did not retrieve it. Plaintiff commenced this action to recover his property or the value of his property.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 4), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

1

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint without prejudice.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640

2

F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff, who is presently incarcerated at the Downeast Correctional Facility (see ECF No. 7), alleges that he entered state custody at the York County Jail.[1] Subsequently, Plaintiff was transferred to the Maine State Prison. According to Plaintiff, prior to the transfer, an officer at the York County Jail asked him to complete certain paper work to arrange for someone to pick up his personal property. Plaintiff alleges he told the officer that because he was not a Maine resident, he did not have anyone who could retrieve the property.

---

[1] The factual background is drawn from Plaintiff's complaint. (ECF No. 1.)

Plaintiff was transferred without making any arrangements for the disposition of his property. Plaintiff alleges the property is now lost because he was informed it would be destroyed if he did not make arrangements within 30 days of his transfer, which period has now expired. Plaintiff attached to his complaint a copy of a motion for the return of property, which motion Plaintiff evidently filed in York County Superior Court in July 2017. Plaintiff's property consisted of jewelry, articles of clothing, and a cell phone.

Plaintiff filed this action against the York County Jail. While the jail facility is not a proper defendant, the Court can reasonably construe the complaint to assert a claim against York County. Plaintiff, however, has not identified a cause of action on which he seeks to recover.

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff has not asserted a claim based on the United States Constitution, a federal statute, or a federal treaty. While Plaintiff's complaint arguably could be construed to allege a claim for deprivation of property, the Fourteenth Amendment only prohibits the deprivation of property without due process of law. "To establish a procedural due process claim under § 1983, a plaintiff must [demonstrate] that [he] was deprived of a property interest by defendants acting under color of state law and without the availability of a constitutionally adequate process." *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 29 (1st Cir. 2008). Ordinarily, a procedural due process violation is complete when a deprivation is imposed through an established state procedure that does not comply with constitutional procedural standards. *Godin v. Machiasport Sch. Dep't Bd. of Directors*, 831 F. Supp. 2d 380, 389 – 90 (D. Me. 2011); *see also Zinermon v. Burch*, 494 U.S. 113, 132 (1990) ("In situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking."). Where, as here, a prisoner alleges that an individual deprived him of property either through negligence or through intentional misconduct (sometimes referred to as a "random, unauthorized act"), the Due Process Clause is only violated if the state does not afford meaningful post-deprivation remedies. *Hudson v. Palmer*, 468 U.S. 517, 532 – 33 (1984) ("[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure ... it is difficult to conceive of how the State could provide a

meaningful hearing before the deprivation takes place.") (internal quotations omitted); *see also Parrat v. Taylor*, 451 U.S. 527, 543 (1981) (affirming dismissal of due process claim where "the deprivation occurred as a result of the unauthorized failure of agents of the State to follow established state procedure" related to the receipt of prisoner packages by mail); *Watson v. Caton*, 984 F.2d 537, 541 (1st Cir. 1993) (affirming dismissal of due process claim based on defendant's alleged destruction of "non-allowable" property that arrived at prison by mail, without providing prisoner notice and an opportunity to mail the property elsewhere).

Plaintiff alleges that an officer at the York County Jail misinformed him that he could not mail his property to an out-of-state recipient. The officer's alleged conduct can be fairly characterized as conduct governed by the "random, unauthorized conduct rule." As explained above, the random, unauthorized act of a state employee can support a claim within the Court's federal question jurisdiction only if the State of Maine does not provide a meaningful remedy for Plaintiff's alleged injury.

The Maine Law Court has recognized that a prisoner can appeal to the state courts from an administrative ruling made by the Department of Corrections on the prisoner's grievance. *Fleming v. Comm'r Dep't of Corr.*, 2002 ME 74, ¶ 9, 795 A.2d 692, 695 (Maine Rule of Civil Procedure 80C(i) allows not only a review of final agency action, but also an independent claim for damages where appropriate). In addition, under the Maine Tort Claims Act, governmental entities are liable for property losses arising from the operation or maintenance of any public building. 14 M.R.S. § 8104-A(2). Maine law thus affords an individual an adequate remedy for the negligent or intentional destruction of personal

property in the form of a common law conversion claim. *Withers v. Hackett*, 1998 ME 164, ¶ 7, 714 A.2d 798, 800. Because the circumstances do not involve the deprivation of property as the result of an established state procedure, such as a disciplinary proceeding, and because meaningful state remedies are available for the conversion of personal property, Plaintiff has failed to state an actionable due process claim.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In order for Plaintiff's claim to come within this Court's diversity jurisdiction, Plaintiff and Defendant must have been citizens of different states on the date the complaint was filed. "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration …." *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010). Plaintiff has alleged that he was not a Maine citizen when taken into state custody. Assuming, therefore, that Plaintiff has sufficiently alleged diversity of citizenship, Plaintiff's state law claim could proceed in this Court if the matter in controversy exceeds the value of $75,000. Plaintiff has not alleged that the value of the property exceeds $75,000, and the property items identified by Plaintiff in his complaint do not otherwise suggest an aggregate value in excess of $75,000. Plaintiff, therefore, has not asserted a claim within the Court's diversity jurisdiction.

## CONCLUSION

Based on the foregoing analysis, while Plaintiff might have a claim within the jurisdiction of the state court, Plaintiff has not asserted an actionable claim within this

7

Court's subject matter jurisdiction, Accordingly, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint without prejudice.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of December, 2017.